UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROSENDO VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-0834-LDG-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN, LOVELOCK | ) | |
| CORRECTIONAL CENTER, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Rosendo Vasquez, a Nevada prisoner represented by counsel. Respondents have filed their Answer to the petition (docket #9) and petitioner has not replied. The matter is ready for review and decision. As discussed below, the petition shall be denied.

I.   **Procedural History**

Petitioner was charged on June 15, 2006, with three counts of Lewdness with a Child under the Age of 14 and one count of Sexual Assault of a Minor under Fourteen Years of Age. Exhibit 1.[1] On January 17, 2007, petitioner waived his preliminary hearing and advised the court through counsel of his intention to enter a guilty plea to three counts of attempted lewdness. Exhibit 2. An Information charging petitioner with three counts of Attempted Lewdness with a Child under

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their answer to the petition for writ of habeas corpus, and are located in the record at docket #10.

the Age of Fourteen was filed in the district court on January 23, 2007. Exhibit 4. On February 13, 2007, a Guilty Plea Agreement signed by petitioner was filed with the district court. Exhibit 5. That same day, the court canvassed the petitioner about the guilty plea, the terms of the agreement and the potential sentence that the court might impose. Exhibit 6.  The court accepted petitioner's guilty plea to the three counts of attempted lewdness. *Id.*

On April 18, 2007, petitioner was sentenced to three consecutive terms of 48 to 120 months - one term for each count in the Information. Exhibit 8. A Judgment of Conviction was entered on April 26, 2007. Exhibit 9.

Petitioner moved to modify the sentence, which was opposed by the state and denied by the court. Exhibits 10, 11 and 12. On November 5, 2007, petitioner timely filed a post-conviction petition for writ of habeas corpus alleging ineffective assistance of counsel and that his guilty plea was invalid because it was not entered knowingly and intelligently. Exhibit 13. The state district court denied the petition after conducting a hearing.[2] Exhibits 15 and 16.

Petitioner appealed the lower court's denial, and the Nevada Supreme Court affirmed the state district court's denial. Exhibits 18 and 20. Remittitur issued on October 28, 2008. Exhibit 21.  Petitioner filed his federal habeas corpus petition in this Court on May 10, 2009 (docket #1). Respondents filed their answer and the matter is now ripe for review.

**II. Discussion**

　　**A. Legal Standard**

28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

---

[2] At the hearing the court entertained arguments of counsel only; no evidence was admitted.

   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

   A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

   A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495).  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

   In determining whether the state's adjudication of the petitioner's claim resulted in a decision that was contrary to federal law, this Court looks to the last reasoned state court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001)

3

With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

**B**. **The Claims**

Petitioner alleges that he received ineffective assistance of counsel through the guilty plea phase in the district court and that his plea was not knowingly or intelligently entered.

          i.      <u>Guilty Plea</u>

Petitioner contends that his guilty plea was not knowing or intelligent where the written plea agreement stated he was pleading guilty to attempted lewdness with a child under fourteen "as more fully alleged in the charging document attached. . .," but at the arraignment and entry of plea he was asked if he was pleading to three such counts. Petitioner was eventually sentenced on the three counts. Petitioner complains that he was never advised "in writing" by his counsel or the prosecutor that he was pleading guilty to three counts. He also complains that no one attempted to reconcile the written plea agreement with the charging document, even though the discrepancy was noted during the plea canvass and he acknowledged he was pleading to three counts.

It is well established that a plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334, quoted in *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). In determining whether a plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption of verity to the declarations made by a defendant in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

4

subsequent collateral proceedings." *Id*. at 73-74.

At the entry of plea, the court clearly and unambiguously canvassed petitioner about the number of counts he was pleading guilty to and the potential punishment available as to each. Exhibit 5. When the court read each allegation contained in the exhibit to the Plea Agreement - the Information – petitioner affirmed he was pleading to the specific allegations. *Id.* When the court asked: "And it's your intention to plead guilty to counts one through three; is that correct?" Petitioner responded, "Yes, sir." *Id.* Additionally, the court clarified that petitioner was subject to a possible term of "two-to-twenty year[s]" as to "each of them," which petitioner again acknowledged. *Id.*

Based on the representations made to the court by counsel, the petitioner's own responses to the court's canvass and the language of the plea agreement, which referenced the Information containing three separate counts, this Court finds that petitioner entered his guilty plea voluntarily, knowingly, and intelligently. He had all the requisite information and he made his decision based upon that information.

The state court's determination of the claim was not an unreasonable determination of the facts in light of the evidence. Petitioner is not entitled to relief on this claim.

ii. Ineffective Assistance of Counsel

Petitioner claims his counsel was ineffective during the plea bargaining process and thereafter. He claims he suffered prejudice and substantial harm by his counsel's failure to properly advise him of the exact nature of the charges he faced and because he failed to take "more affirmative steps to correct the record at the guilty plea stage." He contends counsel's failure contributed to "his overall lack of understanding regarding the guilty plea at issue."

In *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970), the Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards by which claims of ineffective

5

counsel are to be measured. In *Strickland*, the Court propounded a two-prong test; a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In terms of a guilty plea, the petitioner must show that but for counsel's performance he would not have entered the guilty plea, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U . S. 52, 59 (1985).

Because petitioner's guilty plea was knowing and intelligently entered, he cannot show that he was prejudiced by counsel's representation during plea negotiations or at the entry of plea. Petitioner was originally charged with three counts of Lewdness with a Child under the Age of 14 and one count of Sexual Assault with a Minor under Fourteen Years of Age. The negotiated plea agreement provided him with an opportunity to avoid conviction on those crimes, which would have carried much harsher sentences, including life with the possibility of parole after twenty years.

Petitioner has not shown this Court that the Nevada Supreme Court determination to deny relief on this claim was an unreasonable application of clearly established law or an unreasonable determination of the facts. He is not entitled to relief on this claim.

### III.    Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. The Clerk shall enter judgment accordingly**.**

Dated this ___8___ day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE